IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DWVANE ANDERSON                                                                                    PLAINTIFF

v.                                                    Civil No. 4:22-cv-4037

OFFICER OLLIVER, Hope Police
Department                                                                                          DEFENDANT

## ORDER

Plaintiff Dwvane Anderson filed this 42 U.S.C. § 1983 action *pro se* on April 29, 2022. (ECF No. 1). Plaintiff did not file an application to proceed *in forma pauperis* ("IFP") with his Complaint. On April 29, 2022, the Court ordered Plaintiff to file an IFP application by May 20, 2022. (ECF No. 2). The order informed Plaintiff that failure to comply would result in the dismissal of his case without prejudice. The order was not returned as undeliverable. As of the date of this order, Plaintiff has not filed an IFP application.

On May 24, 2022, the Court entered an order directing Plaintiff to show cause by June 14, 2022, as to why he failed to comply with the Court's order directing him to file an IFP application. (ECF No. 4). This order also informed Plaintiff that failure to comply would result in this case being dismissed. The order was not returned as undeliverable. As of the date of this order, Plaintiff has not responded to the show cause order or otherwise communicated with the Court.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently

> . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

W.D. Ark. Local Rule 5.5(c)(2). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court. Therefore, the Court finds that this case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2). Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 22nd day of June 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge